**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

WILLIE GENE MAFFETT,            )
                                          )
            Plaintiff,      )
       vs.                        )            3:12-cv-0197-JMS-WGH
                                          )
C. THOMAS, et al.,                 )
                                          )
           Defendants.    )

**Entry Concerning Selected Matters**

The Court, having considered the above action and the matters which are pending, makes

the following rulings:

1.       The motion to amend complaint [dkt. 15] is **granted in part and denied in part,**

as follows:

      a.       The motion is **granted** insofar as the plaintiff shall have **through May 28, 2013**,

in which to file an amended complaint.

      b.       The motion is **denied** insofar as the plaintiff seeks reconsideration of any portion

of the screening Entry issued on February 20, 2013.

2.       The motion to appoint counsel has also been considered.

a.       Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request"

counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no

constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541 F.3d 688,

700 (7th Cir. 2008). Accordingly, the question is not whether an attorney would help the

plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems

competent to litigate it herself. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc).

b.      The Court finds that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. Regardless, the plaintiff is within the spectrum of "most indigent parties" because he has had a meaningful opportunity to present his claims, he has demonstrated familiarity with his claims and the ability to present them, because the issues presented by those claims are not complex, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak").

c.      Based on the foregoing, the motion for appointment of counsel [dkt. 16] is **denied.**

3.      The plaintiff was granted permission to proceed *in forma pauperis* status on December 28, 2012. His renewed request to proceed *in forma pauperis* [dkt. 19] filed on May 6, 2013, is denied as duplicative and as not related to any matter now pending.

   **IT IS SO ORDERED.**

Date: _05/07/2013_____

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIE GENE MAFFETT
856883
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135

Electronically registered counsel