UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIE GENE MAFFETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| C. OFFERMAN Police Officer E.P.D., W. SHIRLEY Police Officer E.P.D., C. THOMAS, J.D. SCHWAMBACH, | ) No. 3:12-cv-00197-JMS-WGH ) ) ) ) |
| Defendants. | ) |

**ENTRY AND ORDER DISMISSING ACTION**

This action is **dismissed without prejudice** based on the Plaintiff's failure to prosecute. The Court finds that the Plaintiff has failed to prosecute this action because of the following conduct: the Plaintiff failed to appear at the telephonic status conference held by the magistrate judge on March 24, 2014; he failed to comply with the order issued by the Court that date; he has possibly changed his address and failed to notify the Clerk of how and where he can be reached. The foregoing establishes that the Plaintiff has abandoned his prosecution of this action.

A *pro se* plaintiff maintains the duty to diligently pursue her cause of action in accordance with court orders and the Federal Rules of Civil Procedure. *Holt v. Ford Motor Credit Co.,* 2005 U.S. Dist. LEXIS 9627, *3-5 (N.D. Ind. 2005) (citing *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990)). The Court has an "inherent power" to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). This inherent power includes dismissing a case for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), *id.*, because a "party cannot decide for itself when it feels like pressing its action and when it feels like taking a

break[,]" *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (quotation omitted).

Moreover, "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Reca*rd, 2010 WL 451047, at * 2 (S.D.N.Y. 2010) (quoting *Handlin v. Garvey*, 1996 WL 673823, at * 5 (S.D.N.Y. 1996)); *see also Hayes v. Shield*, 2012 WL 3114843, at * 1 (S.D.N.Y. 2012), *report and recommendation adopted by* 2012 WL 3115798 (S.D.N.Y. 2012); *Ackridge v. Martinez*, 2011 WL 5865265, at * 3 (S.D.N.Y. 2011) "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." *Bernard v. Romen*, 2012 WL 6594622, at * 2 (E.D.N.Y. 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. 2012).

For these reasons, judgment consistent with this Entry shall now issue. Any pending motion, [Filing No. 32], is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

04/23/2014

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

WILLIE GENE MAFFETT
856883
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Rhett David Gonterman
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
rgonterman@zsws.com